United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANA NIELSEN,<br><br>    Plaintiff,<br><br>  v.<br><br>MERCK & COMPANY, INC., a corporation; McKESSON CORPORATION, a corporation; AMERISOURCEBERGEN DRUG CORPORATION, a corporation; DOES 1 to 100; PHARMACEUTICAL DEFENDANT DOES 101 to 200; and DISTRIBUTOR DOES 201 to 300, inclusive,<br><br>    Defendants.<br>                                                 / | No. C 07-00077 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS** |

**INTRODUCTION**

In this pharmaceutical products-liability case, defendant Merck & Co., Inc. moves to stay the proceedings pending a potential transfer to a multi-district litigation proceeding. Plaintiff Juliana Nielsen moves to remand this action to state court for lack of subject-matter jurisdiction due to the absence of complete diversity. This order **GRANTS** defendant's motion for a temporary stay and defers ruling on plaintiff's currently-pending motion to remand.

**STATEMENT**

This is one of two motions for a stay pending transfer to an MDL proceeding currently pending before this Court. Although arising in different actions, the facts pertinent to these

motions to stay are nearly identical. Indeed, counsel for both defendants and plaintiffs are the same in both actions, as were the briefs submitted.

Defendant Merck is a pharmaceutical company that manufactured the anti-inflammatory drug known commonly as VIOXX®. This products-liability case is one of a large number of actions filed after Merck voluntarily withdrew the drug from the market in September 2004. On February 15, 2005, an MDL panel transferred 149 actions pending at the time to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings before the Honorable Judge Eldon E. Fallon. *In re VIOXX Products Liability Litigation*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). Conditional transfer orders have since been issued for tag-along cases (Thomas Decl. ¶ 5). Approximately 2500 VIOXX®-related actions have been stayed in federal district courts across the country. Of these, over 350 have pending motions to remand (Thomas Reply Decl. ¶ 2). Merck notified the MDL panel that the above-captioned case was a potential tag-along action on January 12, 2007 (*id*. at ¶ 3). A conditional transfer order issued on February 1, 2007 (*ibid*.). Merck now moves for a temporary stay of this action.

Plaintiff Juliana Nielsen was prescribed VIOXX® by physicians Dr. Charles Szabo and Dr. Marion Zwerin. She alleges that she has suffered myocardial infarction and related problems as a result of ingesting the drug (Compl. ¶ 4). Nielsen commenced this action on September 21, 2006, by filing a notice of adoption of the master complaint in California state court. She alleged claims of (1) strict liability for failure to warn; (2) negligence; (3) negligence *per se*; (4) breach of implied warranty; (5) breach of express warranty; (6) deceit by concealment; (7) negligent misrepresentation; (8) violation of California Business and Professions Code Sections 17200 and 17500; and (9) violation of California Civil Code Section 1750. Plaintiff asks for general and punitive damages, as well as medical monitoring costs, injunctive relief, and disgorgement of defendants' profits from the drug.

Nielsen filed a motion to remand the action for lack of subject-matter jurisdiction because of the absence of complete diversity of parties. Her motion was filed on February 1, 2007, but was improperly noticed for hearing. It was later renoticed for March 22, 2007, but

1  plaintiff asked that it be heard on an expedited basis in light of the pending conditional transfer
2  order. Plaintiff is a resident of California, as is defendant McKesson Corporation. Merck is
3  headquartered outside California, while AmerisourceBergen's citizenship is uncertain.
4       A hearing on the motion to stay proceedings was held on March 8, 2007. Plaintiff did
5  not appear.

## ANALYSIS

7       The power to grant a temporary stay "is incidental to the power inherent in every court
8  to control the disposition of the causes on its docket with economy of time and effort for itself,
9  for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Plaintiff argues
10 that the Court should rule on her motion for remand before deciding to stay this action despite
11 its being filed later. Whether a motion to remand or a motion to stay should be decided first,
12 however, is "extremely sensitive to the facts of the case." *Burse v. Purdue Pharma Co.*, 2004
13 WL 1125055 at *1 (N.D. Cal. 2004). Here, the MDL panel correctly noted that a remand
14 motion can just as easily be presented to and decided by the transferee judge (Thomas Decl.
15 Exh. C at 2). There are a large number of VIOXX®-related actions that have been stayed by
16 other federal district courts despite pending motions to remand (*id.* at ¶ 6). Of the actions
17 stayed, a number of the actions from California have presented the same issue raised here by
18 plaintiff: whether the distributor defendants were fraudulently joined to defeat diversity. *See*
19 *e.g., Johnson v. Merck & Co., Inc.,* Case No. C-05-02881 (N.D. Cal. Oct. 4, 2005) (Patel, J.);
20 *Leeson v. Merck & Co., Inc.*, Case No. C-05-02240-WBS-PAN (E.D. Cal. Jan. 27, 2006).
21      Plaintiff argues that the merits of her motion to remand should be addressed before a
22 motion to stay is granted. In view of the MDL, however, doing so would unnecessarily
23 duplicate work and could lead to inconsistent results. Plaintiff also argues at length in her
24 memorandum in support that defendant cannot show fraudulent joinder because Judge Chaney
25 of the California VIOXX Coordinated Proceeding has ruled that pharmaceutical distributors,
26 such as McKesson, could be held liable for failure to warn (Woodruff Decl. Exh. A). This
27 result will likely be taken into consideration in deciding similar motions to remand, however, to
28 prevent inconsistent results, this should be done by the MDL panel.

It would be an inefficient use of judicial resources to unnecessarily duplicate the efforts of the transferee judge, who will undoubtedly face most (if not all) of the same issues in dealing with the other pending remand motions. Staying the proceedings will best serve the interests of judicial economy. Moreover, granting Merck's motion for a temporary stay avoids the possibility of inconsistent rulings, which is particularly important here, because a decision to remand is not subject to appeal. 28 U.S.C. 1447(d). Finally, plaintiff has not shown that she would be unduly prejudiced by the stay. Her conclusory statement of deteriorating health is not sufficient. The MDL panel has already been notified of this potential tag-along action, and a conditional transfer order issued on February 1, 2007. Any delay will be minimal.

## CONCLUSION

For all the above-stated reasons, defendant's motion for a temporary stay pending the potential transfer of this action is **GRANTED**. In the interim, this order declines to rule on plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: March 8, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4